Filed 12/2/24  P. v. Hall CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C100412 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CF03666) |
| v. | |
| MATTHEW ROBERT HALL, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Matthew Robert Hall asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Hall.  We affirm.

BACKGROUND

In July 2022, Hall and his girlfriend were in an argument in which he struck her in the eye, grabbed her arm, and, when she attempted to leave, pinned her against a wall, dislocating her shoulder. Hall was arrested and charged in Butte County Superior Court case No. 22CF03666 with inflicting a corporal injury on a spouse, cohabitant, or girlfriend (Pen. Code,[1] § 273.5, subd. (a); count 1) and false imprisonment by violence (§ 236; count 2).

In December 2022, the trial court held a *Marsden*[2] hearing on whether to relieve Hall's appointed counsel. The court denied the motion after finding that counsel's evaluation of the case and communications with Hall were reasonable. Subsequently, another attorney was appointed to represent Hall.

In January 2023, Hall pled guilty to the corporal injury offense in exchange for dismissal of the false imprisonment charge with a *Harvey*[3] waiver and consideration for participating in Veterans Treatment Court; the matters of probation and sentencing were left to the trial court's discretion. The parties stipulated to the probation report as the factual basis for the plea. Hall further stipulated that he waived his right to a jury or judge trial on aggravating circumstances, agreeing that the judge could determine aggravating factors based on the police report, probable cause declaration, and Veterans Treatment Court documentation, and that the court could sentence him to the lower, middle, or upper term. Based on his guilty plea, the court found Hall in violation of probation in Butte County Superior Court case No. 21CM03923. The court referred the

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

matter to probation for a presentence investigation report and for an evaluation regarding whether Hall was a suitable candidate for Veterans Treatment Court.

In April 2023, the trial court conducted a second *Marsden* hearing to determine whether to dismiss Hall's second appointed attorney, who had represented him during the plea proceedings. During the hearing, Hall explained that he wanted to withdraw his plea but stated that he was otherwise happy with defense counsel's representation and wanted to keep him as his appointed counsel. The court denied the motion after finding there were no conflicts or breakdown in the attorney-client relationship.

Prior to filing a motion to withdraw the plea, Hall's attorney declared a doubt as to Hall's competency, and the trial court suspended criminal proceedings. A section 1368 competency evaluation concluded Hall was mentally competent to stand trial. The parties submitted on the competency report and the court found Hall was competent and reinstated criminal proceedings.

In October 2023, Hall filed a motion to withdraw his plea. Hall argued he was in a psychiatric manic state when he entered his plea and did not understand the consequences of his actions; he also asserted his attorney had only recently been appointed before he entered his plea.

The trial court considered the plea withdrawal motion at a hearing in January 2024. The People urged the court to deny the motion, arguing that Hall only raised the withdrawal claim after he refused to take responsibility for the offenses, which rendered him ineligible for Veterans Treatment Court and his preferred sentencing option. While acknowledging that Hall may have had some mental health issues, the People noted that he reviewed and understood the plea form, including the terms of the plea and how it affected him. Defense counsel[4] argued that Hall was not in the proper state of mind to

---

[4] Another attorney, not Hall's appointed counsel, represented him on the motion to withdraw the plea.

make a knowing and intelligent waiver of his rights during the plea proceedings, and that there was insufficient time between the appointment of Hall's attorney and his entry of the plea.

After considering the parties' pleadings and arguments, the trial court found that there was not clear and convincing evidence of good cause to allow Hall to withdraw his plea because he had been diagnosed and prescribed psychotropic medication prior to the plea admission, his demeanor was calm and collected during the plea hearing, and he exhibited no signs of emotional or physical distress during the proceedings. The court set the matter for sentencing and Hall was remanded into custody.

A presentence probation report determined that Hall was not suitable for Veterans Treatment Court because he was presumptively ineligible for probation under section 1203, subdivision (e)(4), due to two prior felony convictions. Additionally, he denied that his prior military experience had impacted the instant offense and was unwilling to participate in the program, claiming his innocence. During the probation interview, Hall indicated he was unwilling to abide by the normal conditions of probation in a domestic violence case, asserting that he was actually the victim. Probation recommended the middle term for the corporal injury offense, along with a concurrent 90-day jail term for violating probation in case No. 21CM03923.

In January 2024, the trial court imposed the middle term of three years for the corporal injury offense, terminated probation as unsuccessful in case No. 21CM03923, and imposed a concurrent 90 days in that case. Although the trial court considered whether to impose the lower term under section 1170, subdivision (b)(6), it did not find that Hall's mental health or psychological issues contributed to the offense. The court awarded 36 days of actual credit and 36 days of conduct credit (§ 4019) for a total of 72 days. The court imposed a $300 restitution fine (§ 1202.4), a $300 parole revocation restitution fine, which was stayed pending successful completion of parole (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment

4

(Gov. Code, § 70373). The court found Hall had no ability to pay a domestic violence program fee and did not impose it. Hall timely appealed with a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Counsel advised Hall of his right to file a supplemental brief within 30 days of the filing of the opening brief. More than 30 days have elapsed, and we have received no communication from Hall.

Having examined the entire record, we find no arguable error that would result in a disposition more favorable to Hall.

## DISPOSITION

The judgment is affirmed.

/s/
BOULWARE EURIE, J.

We concur:


/s/
HULL, P. J.


/s/
MAURO, J.